IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thelma Stewart, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 7305 |
| The Brachfeld Law Group, a California Professional corporation, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

# COMPLAINT

Plaintiff, Thelma Stewart, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants transact business here.

## PARTIES

3. Plaintiff, Thelma Stewart ("Stewart"), is a citizen of the State of Delaware, from whom Defendants attempted to collect a delinquent consumer debt for a Citibank credit card, despite the fact that she was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, The Brachfeld Law Group ("Brachfeld") is a California professional corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From Brachfeld's offices in Torrance, California, and Houston Texas, Defendant operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Brachfeld was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Ms. Stewart.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Brachfeld.

7. Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, LVNV conducts business in Illinois.

8. Moreover, Defendant LVNV is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.

In fact, LVNV acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Stewart is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Citibank credit card. At some point in time after that debt became delinquent, Defendant LVNV bought Ms. Stewart's Citibank debt. When Defendant LVNV began trying to collect this debt from her, by having Defendant Brachfeld send her an initial collection letter, dated July 9, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, via a letter dated October 14, 2010, one of Ms. Stewart's attorneys at LASPD informed Defendants, in writing, that Ms. Stewart was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection actions because Ms. Stewart was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendants' debt collectors continued to call Ms. Stewart directly, including, but not limited to telephone calls on October 21, 2010, October 22, 2010 and October 23, 2010, from telephone number 866-834-6218, to demand payment of the Citibank debt.

12. Accordingly, on October 25, 2010, Ms. Stewart's LASPD attorney had to send Defendants another letter, demanding that they cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Stewart's agent, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew that Ms. Stewart was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Stewart. By directly calling Ms. Stewart, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Thelma Stewart, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Stewart, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Thelma Stewart, demands trial by jury.

Thelma Stewart,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 12, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com