IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THELMA STEWART,                )
                               )
          Plaintiff,           )
                               )
     v.                        )    10 C 7305
                               )
THE BRACHFELD LAW GROUP, a     )
California Professional        )
corporation, and LVNV FUNDING  )
LLC, a Delaware limited        )
liability company,             )
                               )
          Defendants.          )

MEMORANDUM OPINION AND ORDER

This action has just been filed on behalf of Delaware resident Thelma Stewart ("Stewart") against California professional corporation Brachfeld Law Group ("Brachfeld") and Delaware limited liability company LVNV Funding, LLC under the auspices of the Fair Debt Collection Practices Act ("Act").[1] This memorandum opinion and order is issued sua sponte because it seems likely from the preceding sentence's thumbnail description that the lawsuit does not belong in this District Court -- and that becomes painfully obvious when the facts alleged in the Complaint itself are examined.

Complaint Ex. C (copy attached), setting the scene for the scenario portrayed by the Chicago law firm that has brought this action, is a letter to Stewart in Delaware from Brachfeld

---

[1] This memorandum opinion and order will assume arguendo, without deciding, that the Complaint advances a viable claim under the Act.

(showing a Pennsylvania post office box as the return address), which (1) acknowledged that Brachfeld was serving as a debt collector, (2) advised that it was a law firm comprising lawyers licensed only in California and (3) listed a location in Houston, Texas as the place to send any payments. Enter the Chicago law firm, doing business as Legal Advocates for Seniors and People with Disabilities, which responded with a letter sent to Brachfeld in California (Complaint Ex. D, copy attached).

Next came another fax from the Chicago law firm sent to Brachfeld at the same California location (Complaint Ex. E, copy attached), which asserted that the Brachfeld firm "has continued to contact Ms. Stewart directly, via telephone daily." And that's it -- suit was filed here just a little over two weeks later.

So this action obviously has nothing to do with Illinois at all, except for the irrelevancy that the law firm filing it is sited here. All the exhibits give the lie to Complaint ¶2, which purports to ground venue in this judicial district.

> Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants transact business here.

But no "part of the acts and transactions occurred here" in any real-world sense -- indeed, that is exposed even more glaringly when she actual venue requirement of 28 U.S.C. § 1391(b) ("a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred") is substituted for the above-quoted paraphrase in Complaint ¶2. And as for the allegation that "Defendants transact business here," unquestionably no business at all was transacted by defendants in this district.

In short, it seems clear that the law firm representing Stewart has blatantly violated its obligations under Fed.R.Civ.P ("Rule") 11(b). Although this Court is disinclined to pursue the sanctions authorized by Rule 11(c) in response to what has taken place here, at a minimum this action must be dismissed, and it is so ordered.

This dismissal is of course without prejudice to the possible reassertion of Stewart's claim in an appropriate forum. But in the meantime her counsel is ordered (1) to impose no charge for either its services or the expenses involved in filing this action, (2) to send a copy of this memorandum opinion and order to Stewart with a letter stating that it has complied with this no-charge order and (3) to send a copy of that forwarding letter to this Court (purely for information and not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Dated:    November 16, 2010

**THE BRACHFELD LAW GROUP, PC**

July 09, 2010

Current Creditor : LVNV FUNDING LLC
Originator : Citibank
Originator Account # : ▇▇▇▇▇▇▇
Reference # : ▇▇▇▇▇▇
Total Amount Due: $1,349.52
Amount Enclosed: _____

Thelma E Stewart
▇▇▇▇▇, DE ▇▇▇▇▇

Brachfeld Law Group, P.C.
P.O. BOX 421088
HOUSTON, TX 77242-1088

--------PLEASE RETURN TOP PORTION WITH PAYMENT--------

Total Due: $1,349.52

Dear Sir/Madam

You qualify for a reduction on your account for a total payment of $566.80. That is a savings of $782.72. All payments should be payable to the Brachfeld Law Group. Payment must be received in our office by 7/28/2010. If payment is not received by 5 P.M. on that date, this offer is withdrawn. Additionally, you may qualify for a three month payment; however you must contact an office representative to determine if this will apply to you.

If you take advantage of the above settlement offer to avoid future collection activity on your account, upon receipt of the full settlement funds, honored by our bank, we will consider this account resolved. In the event this settlement offer is not accepted, our client reserves the right to offer a different settlement proposal at a later date.

As of the date of this letter, you owe the total amount due listed above. Because of interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater. Hence, if you do not accept this offer, and choose to pay at a later date, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write us or call our office toll free at 866-834-6218.

Although we are a law firm, lawyers may also be debt collectors, and we are operating only as a debt collector and not in any legal capacity at this time. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. Attorneys in this firm are only licensed in California and we do not sue in any other state. Moreover, because we are not acting in any legal capacity at this time, this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client.

| Send your payments to: | Send overnight delivery to: | Send Correspondence to: |
|---|---|---|
| Brachfeld Law Group, P.C. | Brachfeld Law Group, P.C. | Brachfeld Law Group, P.C. |
| P.O. Box 421088 | 800 W. Sam Houston Parkway South | 880 Apollo St. |
| Houston, TX 77242-1088 | Suite 200 | Suite 155 |
| | Houston, TX 77042 | El Segundo, CA 90245 |

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.



SEE REVERSE SIDE FOR IMPORTANT INFORMATION

EXHIBIT C

**Legal Advocates for Seniors and People with Disabilities**
205 W. Monroe, 4th Floor, Chicago, IL 60606
312-263-1633
Fax: 312-263-1637
E-Mail: info@mylegaladvocates.org

**VIA FACSIMILE**

October 14, 2010

Brachfeld Law Group PC
20300 S Vermont Ave Ste 120
Torrance, CA 90502-1338

Re: Thelma Stewart

, DE ▇▇▇

Consumer's account: ▇▇▇▇

LASPD file number: ▇▇▇

Dear Sir or Madam:

Please be advised that we represent Thelma Stewart regarding your firm's attempts to collect the above-referenced debt.

Legal Advocates for Seniors and People with Disabilities ("LASPD") is a nationwide program of the Chicago Legal Clinic, Inc., a not-for-profit law office providing low-cost legal services to the public. LASPD provides debt-related legal services to seniors and people with disabilities who have a fixed and/or limited income, protected by law, and have minimal or no assets. LASPD's goal is to persuade creditors and third party collectors to cease collection efforts, including filing a lawsuit, regarding debts that are not collectible, such as the one referenced above.

We ask that you, or the creditor you represent, review the attached affidavit from Ms. Stewart. As you will see, Ms. Stewart's income is protected from levy, attachment or garnishment by Federal and/or State law. Moreover, there is no income available for any payment arrangement or settlement. Accordingly, our client refuses to pay any debt that you are attempting to collect and we request that you cease all further collection activities and direct all future communications to our office.

In closing, I am certainly prepared to furnish you with other appropriate information that you may require. If you have any questions, please contact LASPD at 312-263-1633.

Very truly yours,

*[signature]*

Jeff Whitehead,
Supervising Attorney
Enc.

EXHIBIT D

## Legal Advocates for Seniors and People with Disabilities
205 W. Monroe, 4th Floor, Chicago, IL 60606
312-263-1633
Fax: 312-263-1637
E-Mail: info@mylegaladvocates.org

**VIA FACSIMILE**

October 25, 2010

Brachfeld Law Group PC
20300 S Vermont Ave Ste 120
Torrance, CA 90502-1338

Re: Thelma Stewart
▓▓▓▓▓▓
▓▓▓▓, DE ▓▓▓

Home Depot / Citibank: # ▓▓▓▓▓▓▓▓▓, Reference: # ▓▓▓▓▓

LASPD file number: ▓▓▓▓

Dear Sir or Madam:

As you know from our previous correspondence, dated October 14, 2010, we represent Thelma Stewart regarding your firm's attempts to collect the above-referenced debt.

In that correspondence, we requested that you cease all further communications with Ms. Stewart. Nonetheless, your firm has continued to contact Ms. Stewart directly, via telephone daily. We demand that your firm immediately stop contacting Ms. Stewart's and direct all further communications regarding this debt to our office.

Moreover, as we previously informed your firm, Ms. Stewart's income is protected from levy, attachment or garnishment by Federal and/or State law. We therefore request that you cease all further collection activities regarding this debt.

If you have any questions, please contact LASPD at 312-263-1633.

Very truly yours,


Jeff Whitehead
Supervising Attorney
Enc.



EXHIBIT E